UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY ANDRADE and
THERESA ANDRADE

CIVIL ACTION

VERSUS

NO. 06-907-JVP-CN

COOPER/T. SMITH STEVEDORING
COMPANY, INC.

## RULING ON MOTION IN LIMINE

This matter is before the court on a motion by plaintiffs, Rodney Andrade and Theresa Andrade, to exclude evidence (doc. 69). Defendant, Cooper/T. Smith Stevedoring Company, Inc. ("Cooper/T. Smith) opposes the motion (doc. 77). Jurisdiction is founded on 28 U.S.C. § 1331. The matter is now submitted and there is no need for oral argument.

## FACTS AND PROCEDURAL HISTORY

This action involves a claim for damages under the Jones Act, 46 U.S.C. § 688. Plaintiffs allege that Rodney Andrade, while employed by defendant as a mechanic, was working in a shop owned by defendant when he severely injured his hand on a welding machine. According to the complaint, the welding machine had been previously damaged and a fellow employee had performed several changes and/or repairs to the machine when he asked Andrade to help him work on it. Andrade alleges that, in an attempt to diagnose an overheating problem, he placed his hand approximately a foot away from the machine's fan,

but instead of blowing air out, the machine "actually pulled Andrade's hand into the fan" nearly severing three of Andrade's fingers. (Doc. 1, ¶¶ 3-8).

Plaintiffs allege that Rodney Andrade was injured through the negligence and/or fault of the defendant and sustained severe, permanent injuries that have disabled him from his former employment. He seeks to recover damages for lost wages; physical and mental pain and suffering; permanent disability and loss of enjoyment of life; medical expenses; disfigurement; and any other damages recoverable.[1]

Plaintiffs filed the present motion in limine seeking exclusion at trial of any evidence or reference to: (1) collateral source payments including "medical expenses paid by worker's compensation, LHWCA,[2] Medicare, Medicaid, private health insurance, and/or the receipt of Social Security Benefits and/or union pension benefits;" (2) "any crimes other than those which are admissible under the Federal Rules of Evidence;" (3) Rodney Andrade's alleged use of marijuana after the incident; (4) any unrelated accidents, injuries, illnesses, and/or claims arising from those accidents, injuries or illnesses; and (5) any comparative fault on the part of Rodney Andrade (doc. 69).

## LAW AND DISCUSSION

---

[1] Theresa Andrade, wife of Rodney Andrade, seeks damages for, *inter alia*, loss of consortium, loss of financial support, and "physical and mental pain and suffering." (Doc. 1, ¶ 12).

[2] Longshoremen's Harbor Worker's Compensation Act.

2

"The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor." *Giles v. General Electric Company*, 245 F.3d 474, 495, n. 37 (5th Cir. 2001) (quoting *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994). "Properly interpreted . . ., the collateral source rule . . . prevents torfeasors from paying twice for the same injury—a result that would achieve both over-deterrence and overcompensation." *Id.* at 495.

In determining whether a payment or benefit received by a plaintiff in a Jones Act setting is a collateral source payment, the court considers the five factors set forth in *Phillips v. Western Co. of North America*, 953 F.2d 923 (5th Cir. 1992):  (1) whether the employee contributes to the plan; (2) whether the benefit plan stems from a collective bargaining agreement; (3) whether the plan covers both work-related and nonwork-related injuries; (4) whether payments under the plan correlate with the employee's length of service; and (5) whether the plan contains specific language requiring that benefits received under the plan be set off against a judgment adverse to the tortfeasor. *Id.*, at 1244.

Plaintiffs argue fairly extensively that collateral source payments are inadmissible, but have not set forth any specific facts or evidence from which the court can determine: (1) whether they actually received any particular benefits, (2) that satisfy the criteria of the collateral source rule, or (3) whether exceptions

3

to the collateral source rule might be applicable under the facts of this case.[3] Accordingly, the plaintiffs' motion will be denied insofar as it relates to evidence of collateral source payments.[4]

Insofar as the motion seeks to exclude "any crimes other than those which are admissible under the Federal Rules of Evidence," it is axiomatic that evidence is not admissible at trial if it is not admissible under the Federal Rules of Evidence. However, plaintiff has not specified any criminal act to which the Federal Rules of Evidence should be applied. Accordingly, the court shall deny plaintiffs' motion insofar as it refers to "crimes other than those which are admissible under the Federal Rules of Evidence."

Plaintiffs also seek exclusion of evidence related to Rodney Andrade's alleged post-incident marijuana use and cite Rule 608 of the Federal Rules of Evidence which provides in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-

---

[3] See e.g., *McGrath v. Consolidated Rail Corporation*, 136 F.3d 833, 840 (1st Cir. 1998) (stating that the collateral source rule "is not absolute and courts have carved out exceptions to the collateral source doctrine"); *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1237 (5th Cir. 1986) (stating that "[i]f there is little likelihood of prejudice and no strong potential for improper use, and a careful qualifying jury instruction is given, then receipt of compensation benefits may be admissible for the limited purpose of proving another matter").

[4] This ruling does not, of course, preclude exclusion at trial of certain evidence pursuant to the collateral source rule upon a finding that the rule applies under the specific facts of this case.

4

> examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

Fed.R.Evid. 608(b).

Defendant maintains that Rodney Andrade "signed a pain management contract with his doctor specifically stating that he would not use drugs such as marijuana" (doc. 77, p. 15). Thus, defendant argues, the evidence may be admissible, not as evidence of a bad act, but because it is in violation of a signed contract and therefore probative of Rodney Andrade's character for truthfulness. Moreover, Rodney Andrade is a plaintiff in this action, and defendant asserts that the evidence is relevant in determining damages insofar as it bears on whether Andrade may be malingering and/or failing to follow the instructions of his doctor.[5]

Plaintiffs also argue that, even if evidence of post-incident marijuana use is relevant, the danger of unfair prejudice outweighs any relevance the evidence may have.[6] In support of that argument, plaintiffs assert again that "[i]llegal drug use, without more, does not have a tendency to show untruthfulness and therefore cannot be used to impeach a party's credibility" (doc. 69-3, p 8). Plaintiffs, however, do not address defendant's assertions that the evidence has

---

[5]Defendant argues that "lack of motivation and malingering are common side effects of marijuana use" and alleges that Rodney Andrade has continued to use marijuana despite having "signed a management contract with his doctor specifically stating that he would not use drugs such as marijuana" (doc. 77, p. 15).

[6]Fed.R.Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

probative value regarding damages and regarding Rodney Andrade's character for truthfulness in light of his having signed a contract specifically providing that he wouldn't use such a drug. Accordingly, the court finds insufficient grounds, at this time, to exclude evidence of Rodney Andrade's alleged post-incident use of marijuana.

Plaintiffs also seek exclusion of evidence regarding other work-related accidents, injuries, illnesses, and/or claims arising from them, which Rodney Andrade has experienced in the past. Specifically, plaintiffs seek exclusion of evidence regarding: (1) an injury to his right knee incurred while changing swing pumps on a barge; (2) an accident in which a piece of metal entered his right eye; (3) the cutting of his left middle finger while repairing a bulldozer; (4) an injury to his left shoulder incurred while hoisting a chain on a barge, and (5) a left ankle sprain incurred while working on a barge generator (doc. 69-3, p 9).

Defendant argues that Rodney Andrade's history of work-related accidents and injuries is relevant to the determination of his experience and understanding of risks and properly observed precautions. Defendant also argues that the evidence is relevant in determining whether and to what degree plaintiff may be held contributorily negligent, and in determining the "seaman status issue." Doc. 77, p. 15).

Defendant, however, has failed to demonstrate precisely how such accidents relate to the current incident, to establish substantial similarities between the prior accidents and the one at issue in this case, to show how the

6

evidence is relevant in the determination of seaman status, or to demonstrate that the evidence does not fall afoul of Rule 403 of the Federal Rules of Evidence. The court finds that evidence of prior, unrelated injuries bears little, if any probative value in this case. Moreover, the danger of unfair prejudice, confusion of the issues, misleading the jury and considerations of undue delay and waste of time would substantially outweigh any probative value the evidence may demonstrate. Accordingly, the court will grant plaintiffs' motion insofar as it seeks to exclude evidence of unrelated accidents, injuries, illnesses and/or claims.

Plaintiffs also seek to exclude defendant from presenting evidence of comparative fault, arguing that it is precluded from doing so by the Jones Act.

> The rights enjoyed by seamen against their employers under the Jones Act are the same as those enjoyed by railroad employees under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. The Jones Act explicitly incorporates the FELA."

*Roy Crook and Sons, Inc. v. Allen*, 778 F.2d 1037, 1038 (5th Cir. 1985).

Section 53 of the FELA provides:

> In all actions . . . brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee . . ., the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: *Provided,* That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute

7

> enacted for the safety of employees contributed to the injury or death of such employee.

45 U.S.C. § 53.

In order to establish that defendant's potential liability should not be subject to diminution for contributory negligence, plaintiffs first bear the burden of establishing that Rodney Andrade is a seaman. See e.g., *Roy Crook and Sons, Inc. v. Allen*, 778 F.2d 1037, 1040 (5th Cir. 1985) (stating that Section 53 was applicable via the Jones Act in that case because the defendant was a seaman); *Neal v. Saga Shipping Co.*, 407 F.2d 481, 486 (5th Cir. 1969) (noting that because longshoremen are not seamen, they are not entitled to the benefits of Section 53 by virtue of the Jones Act).[7]

Plaintiffs, however, have not established that Rodney Andrade is a seaman under the Jones Act. See (doc. 33 (stating that genuine issues of material fact preclude the court from granting summary judgment)). Accordingly, plaintiff's motion shall be denied insofar as it seeks to exclude evidence of comparative fault.

---

[7] Upon establishing that the defendant is a seaman, a plaintiff then bears the burden of establishing that the employer violated a statute designed to protect employees. See *Roy Crook and Sons*, 778 at 1041 (noting that "before the final sentence of Section 53 renders comparative negligence irrelevant in a Jones Act case, the court must initially determine that the statute which the employer violated is one designed to protect employees—that is, that the violated statute is analogous to either the Safety Appliances Acts or the Boiler Inspection Act").

## CONCLUSION

For the foregoing reasons, the motion in limine by plaintiffs, Rodney Andrade and Theresa Andrade (doc. 69), is hereby **GRANTED** insofar as the motion seeks exclusion at trial of evidence pertaining to unrelated accidents, injuries, illnesses, and/or claims arising from those unrelated accidents, injuries and illnesses, and **DENIED** otherwise.

Baton Rouge, Louisiana, September 21, 2009.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA