UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY ANDRADE, ET AL                                      CIVIL ACTION

VERSUS

COOPER/T. SMITH STEVEDORING                                NO. 06-907-B-M2
COMPANY, INC.

## RULING & ORDER

This matter is before the Court on the Motion for Contempt Sanctions and/or to Compel Dr. David Greeson to Respond to the Subpoena Duces Tecum and Order (R. Doc. 90) filed by defendant Cooper/T. Smith Stevedoring Company, Inc. ("Cooper"). The subpoenaed non-party, Dr. David Greeson ("Dr. Greeson"), has not filed an opposition to Cooper's motion. Plaintiffs, Rodney and Theresa Andrade, have filed an opposition (R. Doc. 92) to Cooper's motion.

## FACTS & PROCEDURAL BACKGROUND

Dr. Greeson is a psychiatrist that reportedly provided treatment to plaintiff, Rodney Andrade ("Mr. Andrade"), as a result of the accident that is at issue in the present case. According to Cooper's motion, although plaintiff's counsel has characterized Dr. Greeson as plaintiff's "treating" physician, plaintiff's counsel "interestingly" has no records from Dr. Greeson concerning his alleged treatment of Mr. Andrade. Cooper therefore issued a Subpoena Duces Tecum to Dr. Greeson on or about March 26, 2009, seeking to have Dr. Greeson produce, among other things, a complete copy of his file concerning treatment of Mr. Andrade. On April 2, 2009, plaintiff moved to quash the subpoena, and Cooper filed a similar motion to quash a subpoena that plaintiffs issued and served upon Dr. Kevin

1

Bianchini.

While the motions to quash were pending before the Court, counsel for both parties agreed that the non-objectionable portions of the subpoenas directed to Dr. Greeson and Dr. Bianchini (*i.e.*, the medical records concerning those physicians' treatment of Mr. Andrade) were to be produced, and counsel agreed to notify the respective doctors of the need to comply with those portions of the subpoenas.

In accordance with that agreement, Cooper's counsel advised Dr. Bianchini of the need to comply with the non-objectionable portion of the subpoena and to produce a copy of his medical records for Mr. Andrade.  Dr. Bianchini produced those records to plaintiff's counsel on April 29, 2009.

Although plaintiff's counsel reportedly advised Dr. Greeson of the need to respond to the subpoena and to produce his records concerning Mr. Andrade, no records were produced by Dr. Greeson.  Additionally, on May 7, 2009, the undersigned issued an order on the motions to quash concerning the subpoenas that had been directed to Dr. Bianchini and Dr. Greeson, which directed both physicians to comply with the portions of the subpoenas relative to the records concerning their respective treatment of Mr. Andrade.

On or about May 12, 2009, plaintiff's counsel spoke with Dr. Greeson again concerning the need to comply with the subpoena and the undersigned's order enforcing same.  Dr. Greeson reportedly told plaintiff's counsel that there would be a delay in producing the records because of "problems with his office manager."  Despite follow-up, Dr. Greeson still had not provided any records to either plaintiff's counsel or defense counsel as of the date that Cooper filed the present motion, October 30, 2009.

In the present motion, Cooper contends that Dr. Greeson has had "more than ample

time to overcome any 'problems' that may have delayed his ability to produce the records" concerning Mr. Andrade and that Dr. Greeson's continued refusal to comply with Cooper's subpoena and the undersigned's May 7, 2009 Order should not be tolerated.  Cooper asserts that its inability to obtain the records from Mr. Andrade's "treating" psychiatrist has "severely limited" and "prejudiced its ability to properly evaluate and defend against plaintiffs' claims.  Cooper also contends that, because neither Dr. Greeson nor plaintiff have "offered any reasonable explanation or justification for Dr. Greeson's continued refusal to comply" with the subpoena and order enforcing same, the undersigned should issue an order excluding Dr. Greeson from testifying at trial and excluding evidence concerning his treatment of Mr. Andrade.  Alternatively, Cooper requests that Dr. Greeson be given no more than fifteen (15) days to fully and completely respond to the subpoena and order, absent which no evidence of his treatment shall be allowed at trial.  Finally, Cooper requests that, if the undersigned allows Dr. Greeson additional time to produce the records in question and he does so, then Cooper should be permitted an opportunity to review the records and, if necessary, depose Dr. Greeson and conduct any follow-up discovery that may be needed as a result of the information obtained from Dr. Greeson.

The plaintiffs oppose Cooper's motion to the extent that it has requested that Dr. Greeson be excluded from testifying at trial and that evidence concerning his treatment of Mr. Andrade be excluded.  Plaintiffs contend that such a "harsh punishment" is unwarranted considering that they are "in no way to blame or at fault for any failure on Dr. Greeson's part to produce his records."  Plaintiffs further note that Cooper has failed to cite any authority in support of that requested relief.

3

**LAW & ANALYSIS**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion. The rule specifically provides:

> LR7.5M       Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on October 30, 2009, and the Affidavit of Service filed into the record indicates that a copy of the motion was mailed to Dr. Greeson via U.S. Postal Service, Certified Mail, Return Receipt, on November 17, 2009. More than twenty (20) days have elapsed since the service of the motion, and Dr. Greeson has failed to file any opposition.[1] The motion is therefore deemed to be unopposed.

---

[1] Cooper's motion was filed prior to the recent changes to the time computation rules contained in the Federal Rules of Civil Procedure, which became effective on December 1, 2009; however, the time period for Dr. Greeson to file an opposition to Cooper's motion encompassed time both before the change in the time computation rules (*i.e.*, before the effective date for those rules, December 1, 2009) and after the changes to such rules (*i.e.*, after December 1, 2009). Congress did not clearly indicate whether the new time computation rules or the old rules were to apply in such circumstances. Under the old rules, Dr. Greeson had twenty (20) days from service of the motion to file an opposition to Cooper's motion, while under the new rules, he has twenty-one (21) days. Under either set of rules, however, the time for filing an opposition to the present motion has expired without any opposition being filed.

In addition to being unopposed, the Court certainly finds, as it did in the May 7, 2009 Order, that Cooper is entitled to Dr. Greeson's treatment records related to Mr. Andrade and that production of those records by Dr. Greeson is well overdue. The Court will allow Dr. Greeson a final, short opportunity of fifteen (15) days within which to produce a copy of Mr. Andrade's treatment records to Cooper. If Dr. Greeson still has not produced the records upon expiration of that fifteen (15) day period, however, he will be sanctioned monetarily in the amount of $50.00 a day for each day he continues to fail to produce the records until such time as the records are produced, or, until 20 days after the above 15 days.[2] If he does not produce the records within the 20 days, he will be forbidden from

---

[2] Fed. R. Civ. P. 45(e) provides authority for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum. *Application of Sumar*, 123 F.R.D. 467, 473 (S.D.N.Y. 1988). According to Rule 45(e), "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e). However, in order to impose sanctions upon a nonparty, like Dr. Greeson, violation of a court order is generally required in addition to the failure to comply with the subpoena. *Bender v. Del Valle*, 2007 WL 1686322 (S.D.N.Y. 2007); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002)(nonparties failed to comply first with subpoena and then with subsequent court order, and the court imposed monetary sanctions of $790 against each nonparty, finding their noncompliance demonstrating "disregard for the judicial process"); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994)("Before sanctions can be imposed under Fed. R. Civ. P. 45(e), there must be a court order compelling discovery." "In addition, while a court may grant an award of costs and attorney's fees under its 'inherent powers' by imposing sanctions on a non-party in a case where a court order has been violated, it is not proper to do so in the absence of a finding of bad faith"); *Forum Ins. Co. v. Keller*, 1992 WL 297580, at *2-3 (S.D.N.Y. 1992)(holding nonparties in contempt for failure to produce documents in compliance with a subpoena and assessing monetary sanctions of $1,000.00 against them). In the present case, if Dr. Greeson fails to obey the present order, he will not only have failed to respond to the subpoena directed to him by Cooper, but he will also have failed to comply with two court orders directing him to respond. The undersigned finds that such repeated noncompliance evidences a "disregard for the judicial process," which is akin to bad faith, and the undersigned is authorized under such circumstances to impose monetary sanctions against him.

testifying in this lawsuit, but, of course, will still owe the defendant the $1,000.00 sanction as payment for having to bring this motion.

Accordingly;

**IT IS ORDERED** that the Motion for Contempt Sanctions and/or to Compel Dr. David Greeson to Respond to the Subpoena Duces Tecum and Order (R. Doc. 90) filed by defendant, Cooper/T. Smith Stevedoring Company, Inc., is hereby **GRANTED** as set forth in the above Ruling.

**IT IS FURTHER ORDERED** that Dr. David Greeson shall produce the treatment records of Rodney Andrade to defendant within fifteen (15) days of this Order.

**IT IS FURTHER ORDERED** that, if Dr. Greeson fails to produce Rodney Andrade's treatment records to defendant within fifteen (15) days of this Order, he shall pay monetary sanctions of $50.00 per day for each day that he continues to fail to produce such records until such time as the documents are produced, or, until 20 days after the above 15 days. If he does not produce the records within the 20 days, he will be forbidden from testifying in this lawsuit, but, of course, will still owe the defendant the $1,000.00 sanction as payment for having to bring this motion.

Signed in chambers in Baton Rouge, Louisiana, December 15, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**